UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09871-CAS-PJW | Date | March 12, 2015 |
|---|---|---|---|
| Title | LIDNER V. FRANKLIN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   (In Chambers) ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT

## I.   INTRODUCTION

On November 7, 2014, plaintiffs Roland and Marina Lidner filed a form complaint for unlawful detainer in the Los Angeles Superior Court seeking monetary relief against Angela Wallace, Tai Phillips and Does 1-10.  Dkt. No. 1.  The complaint alleges damages of less than $5,000.  Id.  On December 29, 2014, Tania Franklin appeared as Doe 1, and removed the action to this Court on the basis of purported diversity and/or federal question jurisdiction.  Id.  Franklin alleges in her declaration in support of removal that she is preparing to file a civil action against plaintiffs for damages of $500,000 arising from the same events underlying the unlawful detainer claim.  Dkt. No. 3.  Defendant also appears to allege a constitutional defense of some kind.  Id.  On January 29, 2015, the Court, noting the probable lack of federal jurisdiction, issued an order to show cause why this case should not be remanded by February 12, 2015.  Dkt. No. 7.  To date, defendants have not responded to that order.  For the reasons below, the Court hereby REMANDS this case to the Los Angeles Superior Court.

## II.   DISCUSSION

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court.  See 28 U.S.C. § 1441(a).  Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing party to demonstrate that subject matter jurisdiction exists.  See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09871-CAS-PJW | Date | March 12, 2015 |
|---|---|---|---|
| Title | LIDNER V. FRANKLIN ET AL. | | |

1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, at *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

    **A.**    **Federal Question Jurisdiction**

The Court concludes that federal question jurisdiction does not exist in this case. Whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936); see also Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974). A federal defense, even a constitutional one, is not part of a plaintiff's claim. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court"). Therefore, federal question jurisdiction may not be based on an anticipated defense created by federal law. Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983); see California Equity Mgmt. Grp., Inc. V. Jiminez, 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses.") (remanding an unlawful detainer action); OP Dev., Inc. v. Pascal , 2011 WL 3687636, at *2 (E.D. Cal. Aug. 23, 2011) ("Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed.").

Here, the complaint alleges only a single state law claim for unlawful detainer and does not cite federal law. It is settled that "[u]nlawful detainer actions are strictly within the province of state court." Fed. Nat'l Mortg. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011); see also Deutsche Bank Nat'l Trust, 2011 U.S. Dist. LEXIS 83854, at *2 ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Further, although defendants assert that a "property interest violation under the United States Constitution" and a "federal question of rights secured by the United States Constitution" are at stake in this action, dkt. No. 3 at 1-2—which the Court construes as a constitutional defense—it is equally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09871-CAS-PJW | Date | March 12, 2015 |
|---|---|---|---|
| Title | LIDNER V. FRANKLIN ET AL. | | |

well-settled that a federal defense and/or counter-claim does not suffice to create federal question jurisdiction. Metro Life Ins. Co., 481 U.S. at 63 (explaining that a defense "does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court"). Thus, the Court lacks federal question jurisdiction over this claim.

### B. Diversity Jurisdiction

Second, the Court concludes that diversity jurisdiction does not exist in this case. For diversity jurisdiction to lie, all plaintiffs must be diverse from all defendants, and the amount in controversy must exceed $75,000. See, e.g., Deutsche Bank Nat'l Trust, 2011 WL 662324, at *1 (explaining the requirements for diversity jurisdiction). "In unlawful detainer actions, 'the right to possession alone [is] involved—not title to the property.'" Fed. Nat. Mortgage Ass'n v. Sue Lin Poh, 2012 WL 3727266, at *2 (citing Litton Loan Servicing, L.P. v.Villegas, 2011 WL 204322, at *2); see Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Therefore, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Villegas, 2011 WL 204322, at *2.

Here, the complaint pleads damages of $52.60 per day, beginning on October 15, 2014. Even if complete diversity of citizenship exists—and it is not clear that it does—the complaint pleads damages of less than $8,000. Moreover, although defendants assert that they intend to file a suit against plaintiffs seeking damages in the amount of $500,000, dkt. No. 3 at 1-2, it does not appear that they have done so. See Pozez v. Clean Energy Capital, LLC, 2015 WL 525499, at *1 (9th Cir. Feb. 9, 2015) (explaining that courts consider the amount sought by a defendant in a counterclaim in determining whether amount in controversy requirement is satisfied). Thus, the Court also lacks diversity jurisdiction over this claim.

### III CONCLUSION

As discussed above, the Court does not have federal subject matter jurisdiction over this action. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court therefore REMANDS this case to the Los Angeles County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09871-CAS-PJW | Date | March 12, 2015 |
|---|---|---|---|
| Title | LIDNER V. FRANKLIN ET AL. | | |

IT IS SO ORDERED

:

Initials of Preparer